UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

DERRICK JONES JR., BASAIME SPATE,
AKIM JONES, CURTIS JONES,
DERRICK JONES SR., TERRELL JONES,
TERRANCE JONES

                                   Plaintiffs,

                -against-

THE CITY OF NEW YORK, a municipal corporation;
DETECTIVE BRIAN J CHICHOTKY, CAPTAIN
FERNANDO GUIMARAES, SERGEANT LUTFI DALIPI,
SERGEANT ROBERT MALONEY in their
individual and official capacities, POLICE OFFICERS
JOHN and JANE DOE #1-12, in their individual and
official capacities,

                                   Defendants.
-------------------------------------------------------------------------X

**FOURTH AMENDED COMPLAINT**

15 CV 3818 (ARR)(PK)

**JURY TRIAL DEMANDED**

Plaintiffs, Derrick Jones Jr., Basaime Spate, Akim Jones, Curtis Jones, Derrick Jones Sr., Terrell Jones, Terrance Jones, and by their attorneys, Moore Zeman Womble, LLP, alleges for their complaint against the defendants as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights guaranteed by the Constitutions of the Unites States and the State of New York. Plaintiffs also assert supplemental state law claims.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. The plaintiff DERRICK JONES JR. is an African-American male and was at all relevant times a citizen of the City and State of New York.

7. The plaintiff BASAIME SPATE is an African-American male and was at all relevant times a citizen of the City and State of New York.

8. The plaintiff AKIM JONES is an African-American female and was at all relevant times a citizen of the City and State of New York.

9. The plaintiff CURTIS JONES is an African-American male and was at all relevant times a citizen of the City and State of New York.

10. The plaintiff DERRICK JONES SR. is an African-American male and was at all relevant times a citizen of the City and State of New York.

11. The plaintiff TERRELL JONES is an African-American male and was at all relevant times a citizen of the City and State of New York.

12. The plaintiff TERRANCE JONES is an African-American male and was at all relevant times a citizen of the City and State of New York.

13. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Defendant, the City of New York, maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

15. At all times hereinafter mentioned, the individually named defendants, Detective Brian J. Chichotky, Captain Fernando Guimaraes, Sergeant Lutfi Dalipi, Sergeant Robert Maloney and Police Officers John and Jane Doe #1-12, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

16. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

17. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

18. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## **FACTS**

**August 8, 2014**

19.     On August 8, 2014, at approximately 6:40 p.m., the defendant NYPD officers approached the front entrance of 3 Revere Place, Brooklyn, New York with guns drawn and immediately detained and searched plaintiffs AKIM JONES, DERRICK JONES SR., DERRICK JONES JR. and BASAIME SPATE, all of whom were outside 3 Revere Place, Brooklyn, New York.

20.     Defendant NYPD officers removed plaintiff AKIM JONES' eight month old daughter from her custody during plaintiff AKIM JONES' detention.

21.     After defendant NYPD officers had detained plaintiffs AKIM JONES, DERRICK JONES SR., DERRICK JONES JR. and BASAIME SPATE, defendant NYPD officers broke open the front door of 3 Revere Place, Brooklyn, New York, discharged flash grenades, entered said location with guns drawn, and sprayed a substance at plaintiffs CURTIS JONES, TERRANCE JONES, and TERRELL JONES which burned their eyes and skin.

22.     Defendant NYPD Officers placed plaintiff TERRELL JONES into handcuffs behind his back and dragged him, repeatedly, up and down the stone front stairs of 3 Revere Place, Brooklyn, New York, further injuring plaintiff TERRELL JONES.

23.     During defendant NYPD officers' sudden entry into 3 Revere Place, Brooklyn, New York, one of the defendant NYPD officers struck the five year old son of plaintiff TERRELL JONES with his riot shield, knocking the boy to the ground, causing him pain and distress.

24.     During the illegal entry into 3 Revere Place, one of the defendant NYPD officers sprayed what appeared to be a fire extinguisher inside the home for no legitimate purpose.

25.     During the illegal entry into 3 Revere Place, one of the defendant NYPD officers

4

urinated on the floor inside the premises.

26. During the illegal entry into 3 Revere Place, numerous defendant NYPD officers took plaintiffs' personal items, including but not limited to clothing, sunglasses, jewelry, and US currency. None of these items have been returned to the plaintiffs.

27. None of the officers who affected this illegal search and seizure of plaintiffs AKIM JONES, CURTIS JONES, DERRICK JONES SR., DERRICK JONES JR., TERRELL JONES, TERRANCE JONES and BASAIME SPATE can be identified due to the fact that each defendant NYPD officer present covered or removed any identifying uniform markers, such as a name tag or shield.

28. Plaintiffs AKIM JONES, CURTIS JONES, DERRICK JONES SR., DERRICK JONES JR., TERRELL JONES, TERRANCE JONES and BASAIME SPATE were transported by defendant NYPD officers to an NYPD precinct and imprisoned therein.

29. On or about August 9, 2014, plaintiff AKIM JONES was charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree and two counts of § 220.50, criminally using drug paraphernalia in the second degree.

30. Subsequently, all charges against plaintiff were adjourned in contemplation of dismissal.

31. As a result, the plaintiff's criminal case was dismissed and sealed.

32. On or about August 9, 2014, plaintiff CURTIS JONES was charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree and two counts of § 220.50, criminally using drug paraphernalia in the second degree.

33. Subsequently, all charges against plaintiff were adjourned in contemplation of dismissal.

5

34. As a result, the plaintiff's criminal case was dismissed and sealed.

35. On or about August 9, 2014, plaintiff DERRICK JONES SR. was charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree and two counts of § 220.50, criminally using drug paraphernalia in the second degree.

36. Subsequently, all charges against plaintiff were adjourned in contemplation of dismissal.

37. As a result, the plaintiff's criminal case was dismissed and sealed.

38. On or about August 9, 2014, plaintiff DERRICK JONES JR. was charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree and two counts of § 220.50, criminally using drug paraphernalia in the second degree.

39. Subsequently, all charges against plaintiff were dismissed upon motion of the Kings County District Attorney.

40. As a result, the plaintiff's criminal case was dismissed and sealed.

41. On or about August 9, 2014, plaintiff TERRELL JONES was charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree and § 220.50, criminally using drug paraphernalia in the second degree.

42. Subsequently, all charges against plaintiff were adjourned in contemplation of dismissal.

43. As a result, the plaintiff's criminal case was dismissed and sealed.

44. On or about August 9, 2014, plaintiff TERRANCE JONES was charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree, two counts of § 220.50, criminally using drug paraphernalia in the second degree, and § 221.05 unlawful possession of marihuana.

45. Subsequently, all charges against plaintiff were adjourned in contemplation of dismissal.

46. As a result, the plaintiff's criminal case was dismissed and sealed.

47. On or about August 9, 2014, plaintiff BASAIME SPATE was charged with Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree and two counts of § 220.50, criminally using drug paraphernalia in the second degree.

48. Subsequently, all charges against plaintiff were adjourned in contemplation of dismissal.

49. As a result, the plaintiff's criminal case was dismissed and sealed.

50. It should be noted that although plaintiffs AKIM JONES, DERRICK JONES JR., DERRICK JONES SR. and BASAIME SPATE were in front of 3 Revere Place when the police approached and arrested them, and although plaintiffs CURTIS JONES, TERRANCE JONES and TERRELL JONES were inside 3 Revere Place when the police entered the residence and arrested them, all SEVEN plaintiffs were charged with possessing the same "crack cocaine from atop a cabinet" as well as the same zip lock bags and scale from inside 3 Revere Place. All charges against every plaintiff were dismissed.

51. All of the above occurred while other defendant NYPD officers failed to intervene in the illegal conduct described herein.

52. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, arresting individuals for mere presence at the location of the execution of a search warrant; the inadequate screening, hiring, retaining, training supervising, and disciplining of its employees; and due to discrimination against plaintiffs due to their race and/or nationality.

53. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including defendants, are insufficiently trained regarding the execution of search warrants; the investigation of crimes; and, the treatment of innocent and/or uninvolved individuals present at the location of the execution of a search warrant.

54. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

55. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

56. As a result of the foregoing, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES and sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

57. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

59. All of the aforementioned acts deprived plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES, members of a racial minority, of the rights, privileges and immunities guaranteed to the citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63. Defendants violated the Fourth and Fourteenth Amendment because they stopped and detained plaintiffs without reasonable suspicion.

64. As a result, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
(Unlawful Stop Under 42 U.S.C. § 1983)

65. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

66. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

67. Defendants stopped plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES without reasonable suspicion.

68. As a result, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment Under 42 U.S.C. § 1983)

69. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

70. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

71. As a result of defendants' aforementioned conduct, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES were subjected to an illegal, improper, and false arrest by the defendants. Plaintiffs were taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. In the above-mentioned actions, defendants acted intentionally, willfully, with malice, and without probable

cause, privilege or consent.

72. Plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES were conscious of their confinement.

73. As a result of the foregoing, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES liberties were restricted for an extended period of time, plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CAUSE OF ACTION
(Failure To Intervene Under U.S.C. § 1983)

74. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

75. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

76. Defendants had an affirmative duty to intervene on behalf of plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES, whose constitutional rights were being violated in their presence by other officers.

77. The defendants failed to intervene to prevent the unlawful conduct described herein.

78. As a result of the foregoing, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES liberties were restricted for an extended period of time, they were put in

11

fear of their safety, and they were humiliated and subjected to physical restraints.

## **FIFTH CAUSE OF ACTION**
(Excessive Force Under U.S.C. § 1983)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

80. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

81. While in the course of their duties and while acting under color of law, defendants affected a seizure of plaintiff TERRELL JONES by intentionally using excessive physical force against plaintiff, including but not limited to dragging plaintiff TERRELL JONES up and down the stone steps at the entrance to 3 Revere Place, Brooklyn, New York, causing injuries, including but not limited to, pain to his legs and knees.

82. While in the course of their duties and while acting under color of law, defendants affected seizures of plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR. and TERRANCE JONES by intentionally using excessive physical force against plaintiffs, including but not limited to the use of flash grenades, aerosol substance, fire extinguisher, forceful take-downs, forceful handcuffing, and physical assault.

83. The physical force of the individual officer defendants on plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES was objectively unreasonable.

84. By virtue of the foregoing, defendants used excessive force on plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK

JONES SR., TERRELL JONES and TERRANCE JONES causing them injury, with plaintiff TERRELL JONES requiring further medical attention for their injuries.

## SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

86. The defendants falsely arrested and unlawfully imprisoned plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

87. By virtue of the foregoing, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES were deprived of their rights under the Equal Protection Clause of the United States Constitution.

## SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

88. PlaintiffS repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

89. The supervisory defendants personally caused caused plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinates.

13

## EIGHTH CAUSE OF ACTION
(Municipal Liability)

90. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

91. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States.

92. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals for mere presence at the location of the execution of a search warrant. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees that was the moving force behind the violation of plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein.

93. The City's continuing failure to deter police misconduct has led to ever increasing numbers of lawsuits for repeated misconduct by the same officers, same units, and same precincts. In the fiscal year of 2012, there were 2,004 tort cases commenced against the New York City Police Department, up from 1,425 tort cases commenced for the fiscal year of 2008.[1]

---

[1] Fiscal 2013 Preliminary Mayor's Management Report for the New York City Police Department, available at www.nyc.gov/html/ops/downloads/pdf/mmr0912/nypd.pdf, see page 5, last visited on January 24, 2014.

14

From 2006 to 2011, the Brooklyn North Narcotics Division, the squad responsible for both of the illegal raids on 3 Revere Place, Brooklyn, New York, was sued over 60 times and was held civilly responsible for $1.5 million in damages.[2] In the past ten years, the City of New York has paid nearly a billion dollars from lawsuits brought against the NYPD.[3]

94. The 77th Precinct of the New York City Police Department has an extensive history of civil rights violations. According to the City Comptroller's Office fiscal year report for 2009 (the last available year of publicly reported statistics), 68 Civilian Complaint Review Board complaints originated in the 77th Precinct.[4] In addition to prior lawsuits, the City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers from the 77th precinct unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers.

95. The widely held assumption is that civil rights lawsuits deter police misconduct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, (1992) citing Carey v. Piphus, 435 U.S. 247, 254-257, (1978). "As far as we know, civil liability is an effective deterrent [to civil rights violations], as

---

[2] "Repeated charges of illegal searches, violence, racial profiling, racial slurs and intimidation against Lt. Daniel Sbarra and his team have cost the city more than $1.5 million in settlements," New York Daily News, May 19, 2013. http://www.nydailynews.com/new-york/brooklyn/lt-daniel-sbarra-team-finest-article-1.1348075?pgno=2
[3] "NYPD gives quite the payday; AP report reveals police have dolled out $1B to resolve lawsuits," by Associated Press Writers Colleen Long and Jennifer Peltz via Daily News wire Report, http://www.nydailynews.com/new-york/nypd-payday-ap-report-reveals-police-dolled-1b-resolve-lawsuits-article-1.189671, October 15, 2010 last visited on January 27, 2014.
[4] "CCRB: Attribution of Complaints to the Housing Bureau 2005 - 2009," https://nycopendata.socrata.com/Public-Safety/CCRB-Attribution-of-Complaints-to-Patrol-Borough-B/zwt9-6u9n, last visited on June 22, 2015.

15

we have assumed it is in other contexts." See Hudson v. Michigan  547 U.S. 586, 598 (2006) citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001) and Nix v. Williams, 467 U.S. 431, 446, (1984). "It is almost axiomatic that the threat of damages has a deterrent effect (citation omitted) surely particularly so when the individual official faces personal financial liability." Carlson v. Green, 446 U.S. 14, 21, (1980), citing Imbler v. Pachtman, 424 U.S. 409, 442, and footnote 6 (1976).

96.    However, the City of New York has isolated NYPD officers like Detective Brian J. Chichotky, Captain Fernando Guimaraes, Sergeant Lufti Dalipi, Sergeant Robert Maloney and Police Officers John and Jane Doe #1-12 of the Brooklyn North Narcotics Division and 77th Precinct from accountability for civil rights lawsuits by indemnifying officers who violate the constitutional rights of citizens, and, as a result, is preventing civil rights lawsuits from having any deterrent value to the City, the NYPD or its officers.  Civil rights lawsuits against police officers have no impact on the officers' careers, regardless of the expense to the City of the officers' lawsuit liability, even after multiple lawsuits.  In 1999, former Comptroller Alan Hevesi reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.[5]  This "total disconnect" between officers' liability and NYPD discipline, results in a system where the City pays vast sums to settle false arrests, but the NYPD does nothing to investigate nor address the underlying causes of such false arrests or officers who have incurred large sums of civil rights liability.

97.    The City Council, Government Operations Committee, despite being alerted at a City Council hearing on December 12, 2009, and on other occasions, to the obvious problem of

---

[5] Bob Hennelly's WNYC report, "Amid City Budget Crisis, New Scrutiny on Millions in NYPD Settlements" from June 8, 2011: http://www.wnyc.org/articles/its-free-country/2011/jun/08/amid-city-budget-grappling-new-scrutiny-millions-nypd-settlements/, last visited on January 27, 2014.

16

officers and precincts with a disproportionate responsibility for civil rights lawsuit liability, has failed to take action to hold officers or precincts accountable. It has likewise failed to hold an investigative hearing into what extent specific officers, units and precincts are disproportionately responsible for New York City civil rights lawsuits.

98. Nevertheless, the City has repeatedly resisted attempts to catalog even basic information gleaned from civil rights lawsuits that could improve training, leadership, supervision, and discipline in the NYPD. The City's deliberate indifference towards the contents of civil rights litigation, individual officers repeatedly named in lawsuits, incidents repeatedly occurring in the same division, and patterns of misconduct that arise in civil rights litigation has caused the constitutional violations of excessive force and false arrest suffered by plaintiff.

99. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct or to calculate the total liability of an individual officer or of a precinct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected, problematic supervision or leadership at the precinct level goes ignored, and repeated misconduct by individual officers goes unaccounted for. Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

100. All of the aforementioned has created a climate where police officers and detectives lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal. "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by

17

the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged." See Colon v. City of New York, et al, 2009 WL 4263362 (E.D.N.Y.) (Weinstein, J.).

101. In Floyd v. City of New York, 08-cv-01034-SAS-HBP, Judge Scheindlin found that the City acted with "deliberate indifference toward the NYPD's practice of making unconstitutional stops and conducting unconstitutional frisks" and adopted "a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data." (Opinion and Order, dated August 12, 2013, P.13).

102. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

103. Plaintiff has been damaged as a result of the deliberate indifference of the Defendant City.

**TENTH CAUSE OF ACTION**
Respondeat Superior
(Against the City of New York)

104. Plaintiffs repeat, reiterate, and reallege paragraphs "1" through "56" as if fully set forth herein.

105. The Individual Officer Defendants were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his

or her employment with the City.

106. The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Officer Defendants under the common law doctrine of respondeat superior.

107. As a result of the foregoing, plaintiffs DERRICK JONES JR., BASAIME SPATE, AKIM JONES, CURTIS JONES, DERRICK JONES SR., TERRELL JONES and TERRANCE JONES are entitled to compensatory damages in an amount to be determined by a jury and are further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. §1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated:  New York, New York
        December 18, 2015                    By:    Ken Womble

*AKW*

Ken Womble
Attorney for Plaintiffs
Moore Zeman Womble, LLP
66 Willoughby St., 2nd Floor
Brooklyn, New York 11201
(T) (718) 514-9100
(F) (917) 210-3700
womble@brooklynattorney.nyc

TO:   via ECF & Email
      Jorge Marquez
      Assistant Corporation Counsel
      NYC Law Dept.
      100 Church St., Room 3-132
      New York, NY 10007
      (212) 356-2336